IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HECTOR PINEDA MENDOZA, | : | MOTION TO VACATE |
| BOP No. 57250-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:13-CV-3351-RWS-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:05-CR-380-1-RWS-ECS |

**FINAL REPORT AND RECOMMENDATION**

Federal inmate Hector Pineda Mendoza "was a leader in a large drug trafficking organization [that] was responsible for distributing hundreds of kilograms of cocaine throughout the eastern United States." United States v. Mendoza, 301 F. App'x 870, 871 (11th Cir. 2008). Mr. Mendoza pled guilty after he was arrested, and his 300-month sentence were affirmed in 2008 on direct appeal. See id. at 870. This matter is now before the Court on Mr. Mendoza's "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3)." See [Doc. No. 520].

Mr. Mendoza argues that his sentence must be vacated in light of the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), which he contends is retroactively applicable on collateral review and prohibits judicial fact-finding regarding the quantity of cocaine that he trafficked. See [id. at passim]. The United States Court of Appeals for the Eleventh Circuit, however, has held that Alleyne is not retroactively

applicable on collateral review.  See Jeanty v. Warden, No. 13-14931, 2014 U.S. App. LEXIS 13533, at *4-5 (11th Cir. July 15, 2014) (joining "every one of our sister circuits to consider the issue in a published opinion").

Because it "plainly appears from the motion . . . and the record of prior proceedings that [Mr. Mendoza] is not entitled to relief," this Court is "required to dismiss the motion and direct the clerk to notify [Mr. Mendoza]."  28 U.S.C. foll. § 2255, Rule 4.  Accordingly, the undersigned **RECOMMENDS** that Mr. Mendoza's § 2255 motion be **DISMISSED**.

Because Mr. Mendoza does not meet the requisite standard for the issuance of a Certificate of Appealability ("CoA"), see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the undersigned further **RECOMMENDS** that a CoA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 21st day of July, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)